IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 5:21-CR-00198-M
Case No. 5:23-CV-00401-M

| | |
|---|---|
| DWIGHT HARMON, | |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the court on the United States' Motion to Dismiss Petitioner's Section 2255 Petition to vacate, set aside, or correct his sentence (the "Petition") [DE 51]. The court finds that the Petition, the United States' Motion, and the record in this case conclusively show that Petitioner is entitled to no relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the reasons that follow, the United States' Motion to Dismiss is granted and the Petition is denied.

I.  **Background and Procedural History**

Petitioner was named in a six-count Indictment that charged him with knowingly and intentionally distributing heroin and fentanyl. *See* DE 1. On December 7, 2021, Petitioner pleaded guilty to Count Four of the Indictment. *See* DE 25. His Plea Agreement contains a broad waiver of his right to challenge his conviction or sentence in any post-conviction proceeding, with two limited exceptions. DE 26 at 1. Due to his criminal history, Petitioner was designated as a career-offender, and sentenced to 160 months of imprisonment. DE 35; DE 36. Petitioner filed a direct appeal, but then voluntarily dismissed that appeal. DE 41.

1

Petitioner now collaterally attacks his sentence on one ground: that there was an "[i]llegal use of application for career offender purpose," namely "using a N.C. state conviction of common law robbery." DE 47 at 2. The United States filed a motion to dismiss the Petition, raising several arguments in favor of dismissal. DE 51; DE 52. The Clerk of Court then sent a letter to Petitioner, notifying him of his right to respond to the motion to dismiss. DE 53 at 1. The Clerk's letter further warned Petitioner that if he "fail[s] to respond, the [c]ourt may grant the motion and your case will be dismissed." *Id.* Notwithstanding that warning, Petitioner did not respond to the motion to dismiss.

## II. Governing Law

Section 2255 provides that habeas relief should be awarded when:

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). Once the petitioner has made this showing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (quoting § 2255(b)).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than

2

the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

### III. Analysis

The court finds that the Petition should be dismissed for two independently sufficient reasons. First, Petitioner has waived his right to challenge his career-offender designation by virtue of entering into his Plea Agreement, which expressly "waive[s] any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting a[] motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not know to the [Petitioner] at the time of [his] guilty plea." DE 26 at 1.

At his arraignment, Petitioner stated that he signed the Plea Agreement, read and discussed the Agreement with his lawyer before signing it, and understood its terms. DE 42 at 15-16 (hearing transcript). The court then "specifically discuss[ed] the appellate rights waiver" with Petitioner, read him that portion of the Plea Agreement, and asked Petitioner whether he understood the waiver. *Id.* at 16-17. Petitioner responded: "Yes." *Id.* The court then accepted Petitioner's "knowing and voluntary" guilty plea. *Id.* at 22.

In light of the express language of the Plea Agreement's appeal waiver, and Petitioner's statement under oath that he understood those terms, the court finds that Petitioner waived the right to collaterally attack his sentence on the basis he raises in the Petition (which addresses neither ineffective assistance of counsel nor prosecutorial misconduct). *E.g.*, *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("Every Circuit Court of Appeals to consider the issue . . . has held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing

3

and voluntary."); *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) ("Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."); *Cooley v. United States*, No. 5:12-CR-294, 2016 WL 816781, at *2 (E.D.N.C. Feb. 29, 2016) (sentencing guidelines objection raised in habeas petition "falls within the scope of [the] appellate waiver").

Alternatively, even if the appeal waiver in the Plea Agreement did not foreclose the argument Petitioner raises here, it would fail on the merits because a "North Carolina common law robbery conviction categorically qualifie[s] as a felony conviction for a crime of violence." *United States v. Gattis*, 877 F.3d 150, 152 (4th Cir. 2017); *see also United States v. Fonville*, 5 F.3d 781, 784 (4th Cir. 1993) (affirming career-offender designation where one of predicate underlying offenses was North Carolina common law robbery); *United States v. Jackson*, 717 F. App'x 211, 214 (4th Cir. 2018) (same); *United States v. Edwards*, 755 F. App'x 242, 244 (4th Cir. 2018) (same); *United States v. Asbury*, No. 21-4622, 2023 WL 4181254, at *1 (4th Cir. June 26, 2023) (same).

## IV. Conclusion

Petitioner's claim is barred by the waiver in his Plea Agreement; it would nonetheless fail on the merits. The court thus GRANTS the United States' Motion to Dismiss [DE 51], DENIES Petitioner's Section 2255 Petition [DE 47], and DENIES a certificate of appealability.

SO ORDERED this 6th day of May, 2024.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4